IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY COLEMAN,

                Plaintiff,

v.                                             OPINION & ORDER

DEPARTMENT OF CORRECTIONS and           16-cv-466-jdp
PROBATION AND PAROLE,

                Defendants.

---

Plaintiff Timothy Coleman, an inmate at the Dodge Correctional Institution, brings this lawsuit alleging that the imprisonment and extended supervision he ended up serving in three criminal cases was longer than the sentences allowed. Coleman has made an initial partial payment of the filing fee, as previously directed by the court.

The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Coleman is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing the complaint with these principles in mind, I conclude that Coleman's vague allegations violate Federal Rule of Civil Procedure 8. Coleman cannot obtain relief unless he can show what parts of his sentences were unlawfully extended and show deliberate indifference of the part of one or more government officials. I will dismiss Coleman's complaint, but I will give him a chance to file an amended complaint that fixes these problems.

ALLEGATIONS OF FACT

In February 2006, plaintiff Timothy Coleman was convicted of battery and carrying a concealed weapon in two separate Dane County misdemeanor cases. Dane County Case Nos. 2006CM1162 and 2006CM1461. He received a total of three months' jail time for these sentences, although the electronic record of those cases shows that he was ordered to spent that time in prison, along with prison sentences he was serving for another conviction.[1] Coleman says that he was released from prison in September 2008 and placed on extended supervision for the misdemeanor cases. That extended supervision lasted more than two years.

Coleman says that the same problem "has happen[ed] again" with regard to a 2013 conviction for possession of narcotic drugs. Dane County Case No. 2013CF1360. Coleman was sentenced to a year of jail time, to be served in prison consecutively to time on another sentence.[2] Coleman was placed on extended supervision for more than 15 months. Coleman states that he has "done more than enough time to discharge but I still have to serve more time too for this charge."

ANALYSIS

Subjecting a prisoner to detention beyond the termination of his sentence can violate the Eighth Amendment's proscription against cruel and usual punishment. *Childress v. Walker*,

---

[1] Wisconsin Court System Circuit Court Access for Dane County Case Nos. 2006CM1162 and 2006CM1461, at http://wcca.wicourts.gov (last visited Dec. 8, 2016).

[2] Wisconsin Court System Circuit Court Access for Dane County Case No. 2013CF1360, at http://wcca.wicourts.gov (last visited Dec. 8, 2016).

787 F.3d 433, 438 (7th Cir. 2015). It is unsettled whether a claim that a plaintiff was forced to serve extra time on extended supervision implicates the plaintiff's Eighth Amendment rights or substantive due process rights. *See Perrault v. Wisconsin*, No. 15-CV-144-BBC, 2015 WL 5032656, at *3 (W.D. Wis. Aug. 25, 2015). But under either theory, Coleman must prove the same things: (1) he indeed was punished for a longer time period than the sentence allowed; and (2) a government official was aware of the problem but failed to take effective actions to fix it. *Id*. Mere mistakes or neglect by government officials is not enough to support a constitutional claim.

At this point, Coleman's allegations are too vague to support claims for damages. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Coleman's allegations do not comply with Rule 8 in part because he is unclear about what portions of his punishment he believes were unlawfully extended. In his request for relief, Coleman asks for damages for every extra day he spent in jail and for each extra year he "spent on paper," *id*. at 4, which I take to mean his extended supervision. So it seems as if he is challenging both his extra incarceration time and his extended supervision. But it is unclear which portions of the three sentences discussed in his complaint were unlawfully extended.

He suggests that his *current* extended supervision is unlawful, which raises a different problem: he cannot proceed on claims for damages under § 1983 that challenge the fact,

duration, or validity of his custody unless he first obtains a ruling that his conviction or sentence has been reversed, expunged, or invalidated in state court. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The way to accomplish that is to raise his claim in the state court system and, if necessary, seek a petition of writ of habeas corpus in federal court.

    Coleman also does not explain who violated his rights. He alleges that "they acted knowingly, and I think this is a product of deliberate indifference," Dkt. 1, at 2, but he does not explain who "they" are. He originally named the Wisconsin Department of Corrections and "Probation and Parole" as defendants, but the state and its departments cannot be sued in a lawsuit for violations of federal law under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66-67 (1989). He has submitted a motion to amend his complaint to add as defendants the state of Wisconsin, the Dane County sheriff, Dane County judges, and court officials. I have already explained that he cannot sue the state itself. It is unlikely that he can sue all of the individuals he wishes to name. For instance, the judges who sentenced him are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). Apart from the immunity question, Coleman faces a bigger problem: he does not explain how each of these officials was aware of his unlawful incarceration or extended supervision and what each official did about it. As discussed above, it is not enough for any of these officials to have mistakenly subjected Coleman to unlawful punishment; he needs to show that officers were deliberately indifferent to the problem.

    I will dismiss Coleman's complaint and give him a short time to file an amended complaint that better explains his claims. He should draft his amended complaint as if he

4

were telling a story to people who know nothing about his situation. In particular, he should explain (1) which parts of his punishment were too long; (2) what government officials were aware of the problem and how they became of aware of it; and (3) how they responded to the problem. At this point, Coleman does not need to know the actual names of the individual government officials who violated his rights: if he plausibly explains how he knows that officials acted with deliberate indifference to his unlawful incarceration or extended supervision, he will be able to pursue his claims. If Coleman does not know the identity of particular defendants, he may label them as John Doe #1, John Doe #2, and so on, and the court has procedures by which he may make discovery requests to identify those defendants. But for now he must file an amended complaint explaining his unlawful punishment and identifying the officials responsible for it.

If Coleman does not submit an amended complaint by the deadline set forth below, I will dismiss this case for his failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Coleman's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff's motion to amend the complaint, Dkt. 9, is DENIED.

3. Plaintiff may have until December 30, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted and assess him a strike under 28 U.S.C. § 1915(g).

Entered December 12, 2016.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge