IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY COLEMAN,

Plaintiff,

v.

OPINION & ORDER

KEN BROWN, JODIE ASMUS, JULE CAVANAUGH,
ALFONSO GRAHAM, REBECCA KUTZKE,
and MARK MELLENTHIN,

16-cv-466-jdp

Defendants.

---

Plaintiff Timothy Coleman, an inmate at the Green Bay Correctional Institution, brings this lawsuit alleging that Wisconsin Department of Corrections staff forced him to serve an illegally lengthy sentence for misdemeanor convictions. Defendants have filed a motion for summary judgment alleging that Coleman failed to exhaust his administrative remedies for his claims. Dkt. 30. Because the only inmate grievance that arguably exhausts Coleman's claims postdates the filing of this case, I will grant defendants' motion and dismiss this case. But I will give Coleman an opportunity to open a brand-new case using his existing complaint.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537–38

(7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Defendants say that the only grievance Coleman filed about the allegedly illegal sentences at issue was No. DCI-2016-16099, which Coleman submitted on August 1, 2016, about a month *after* he filed his original complaint in this lawsuit. That grievance stated:

> I got illegal sentence by [the Dodge Correctional Institution] on 06CM1162 & 06CM1461. I got 1 [month] for CM1162 & 2 [months] for CM1461. Dodge gave me 2/3 of my time in and 1/3 on [extended supervision]. All illegal.
>
> . . .
>
> I wrote Records seeking answers, so now I filed suit and I just want to exhaust all administrative remedies before I get to court.

Dkt. 32-3, at 11. He litigated the grievance all the way through the DOC Inmate Complaint Review System, with the Office of the Secretary dismissing his appeal on October 11, 2016. *Id*. at 6.

In response, Coleman does not argue that there was an earlier-filed grievance that served to exhaust his claims. Rather, he argues that the '16099 grievance was fully exhausted by the

time this court allowed him to proceed with claims in his first amended complaint, and suggests that the exhaustion requirement does not apply to the date of his original complaint because I dismissed that complaint as violating Federal Rule of Civil Procedure 8. *See* Dkt. 10. But Coleman is incorrect about the law on exhaustion. As stated above, a prisoner cannot "bring" a lawsuit until exhaustion has been accomplished. The Court of Appeals for the Seventh Circuit has held that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004). Only in rare circumstances may a prisoner exhaust remedies on claims *after* his lawsuit has been filed, *see Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005) (exhausted § 1983 claims added to complaint previously stating only Federal Tort Claims Act claims), but those circumstances are not present here: in his original complaint, Coleman stated roughly the same claims he now brings. He needed to exhaust those claims before he filed his original complaint.

Coleman also states that he "was under the impression that he could not complain about any subject matter in the case" because he was being held subject to both his illegal sentences and a pending revocation of other, felony cases.[1] He cites to DOC regulations outlining a parallel grievance process for probation-related complaints. *See* Wis. Admin. Code § DOC 328.12 (2006). But his pending revocation was for felony cases unrelated to the misdemeanor cases at the heart of this case, so it is unclear why Coleman thought the revocation affected his ability to grieve his illegal misdemeanor sentences. This theory also does not square with the fact that Coleman *did* file an inmate grievance about a month after he filed

---

[1] In a sur-reply, Coleman argues that defendants' reply brief should be disregarded because it was not filed within seven days of his response. But the court set a briefing schedule with specific deadlines for each brief. The reply brief was filed within the deadline set by the court, so I will consider it.

his complaint, explicitly for the purpose of exhausting his administrative remedies. I conclude that defendants have met their burden of showing that Coleman failed to properly exhaust his administrative remedies before filing this lawsuit, and that Coleman does not provide a persuasive rationale for those remedies being unavailable to him. Therefore, I will grant defendants' motion for summary judgment and dismiss this case.

That dismissal will be without prejudice, meaning that Coleman is free to refile the case. *See Ford*, 362 F.3d at 401 ("[I]f the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision."). I will give Coleman a short time to state whether he would like to have his current operative pleading (the amended complaint, Dkt. 11 and 27) opened as a brand-new lawsuit. This is not an expense-free proposition: Coleman will be on the hook for a new filing fee for his new lawsuit. I assume he would seek *in forma pauperis* status in a new lawsuit, so if he chooses to have his amended complaint opened into a new lawsuit, he should also submit a trust fund account statement covering September 2017 to the present.

Defendants have filed a motion to stay the dispositive motions deadline, which I will deny as moot.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment based on plaintiff Timothy Coleman's failure to exhaust administrative remedies, Dkt. 30, is GRANTED. This case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment for defendants and close this case.

3. Plaintiff may have until March 29, 2018, to respond to this order, explaining whether he would like to open a brand-new lawsuit using the operative pleading

from this case. If he chooses to bring a new lawsuit, he may have until March 29 to submit a prison trust fund account statement.

4. Defendants' motion to stay the dispositive motions deadline, Dkt. 41, is DENIED as moot.

Entered March 8, 2018.

<div style="margin-left: 40%;">

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

</div>